IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> RAYMONN DUSHAWN PATRICK, <br><br> Defendant. | CRIMINAL FILE NO. 4:17-CR-034-01-HLM-WEJ |

ORDER

This case is before the Court on Defendant's Motion to Suppress Evidence Obtained During Unlawful Seizure and Arrest ("Motion to Suppress Evidence") [15], on Defendant's Motion to Suppress Statements [16], on the Non-Final Report and Recommendation of United States Magistrate Judge Walter E. Johnson [33], and on Defendant's

Objections to the Non-Final Report and Recommendation [36].

I. **Standard of Review**

28 U.S.C. § 636(b)(1) requires that in reviewing a magistrate judge's report and recommendation, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). The Court therefore must conduct a <u>de novo</u> review if a party files "a proper, specific objection" to a factual finding contained in the report and recommendation. <u>Macort v. Prem, Inc.</u>, 208 F. App'x 781, 784 (11th Cir. 2006); <u>Jeffrey S. by Ernest S. v. State Bd. of Educ.</u>, 896 F.2d 507, 513 (11th Cir. 1990). If no party files a timely objection to a factual finding in the report and recommendation, the Court reviews that finding for clear error. <u>Macort</u>, 208 F. App'x at

2

784. Legal conclusions, of course, are subject to de novo review even if no party specifically objects. United States v. Keel, 164 F. App'x 958, 961 (11th Cir. 2006); United States v. Warren, 687 F.2d 347, 347 (11th Cir. 1982).

## II. Background

On September 14, 2017, a grand jury sitting in the Northern District of Georgia returned an indictment charging that Defendant, having been convicted of a crime punishable by imprisonment for a term exceeding one year, knowingly possessed a firearm (a Keltec model P3AT .380 mm caliber pistol), and that such possession was in and affecting interstate and foreign commerce, in violation of 18 U.S.C. § 922(g)(1). (Indictment (Docket Entry No. 1) at 1.) The indictment also contains a forfeiture provision. (Id. at 1-2.)

On November 29, 2017, Defendant filed his Motion to Suppress Evidence. (Mot. Suppress Evidence (Docket Entry

No. 15).) On December 5, 2017, Defendant filed his Motion to Suppress Statements. (Mot. Suppress Statements (Docket Entry No. 16).)

On June 6, 2018, Judge Johnson held an evidentiary hearing. (Minute Entry (Docket Entry No. 24).) On October 17, 2018, Judge Johnson issued his Non-Final Report and Recommendation. (Non-Final Report & Recommendation (Docket Entry No. 33).) Judge Johnson recommended that the Court deny the Motion to Suppress Evidence and that the Court deny the Motion to Suppress Statements as withdrawn or abandoned. (Id.)

Defendant filed Objections to the Non-Final Report and Recommendation. (Objs. (Docket Entry No. 36).) The Court finds that no response to those Objections from the Government is necessary, and it concludes that the matter is ripe for resolution.

III. Discussion

A. Statement of Facts

The Court finds that Judge Johnson accurately set forth the facts underlying Defendant's Motions. (Non-Final Report & Recommendation at 2-8.) The Court incorporates that portion of the Non-Final Report and Recommendation into this Order as if set forth fully herein. To the extent that Plaintiff objects to those facts, the Court overrules the Objections.

Specifically, Defendant objects to the statement on page 3 of the Non-Final Report and Recommendation providing that "Bartow County Deputy Sheriff Gillen (unit 915) broadcast over the radio that he located a Lincoln Town Car meeting the above description at the Citgo gas station located on the corner of Cassville and Erwin Streets in Cartersville." (Non-Final Report & Recommendation at 3;

see also Objs. at 2 (objecting to this statement).) According to Defendant, the car reported to 911 was described as black with a tan top, while the car found at the Citgo was green with a tan top. (Objs. at 2.) The Court overrules this Objection, as the evidence indicates that Deputy Gillen made this broadcast.

Defendant also objects to the statement on page 10 of the Non-Final Report and Recommendation providing that "an officer observed a Lincoln Town Car matching the description provided by the 911 complainant at a Citgo located less than a mile away." (Non-Final Report & Recommendation at 10; see also Objs. at 2 (objecting to this statement).) According to Defendant, the car reported to 911 was described as black with a tan top, while the car found at the Citgo was green with a tan top. (Objs. at 2.) The Court agrees with Judge Johnson that "it is difficult to discern

whether the body of the Lincoln Town Car is black or dark green," but the vehicle clearly has a "very distinctive tan top." (Non-Final Report & Recommendation at 3.) Given that it was dark when the caller made the shots fired call to 911 and that the Lincoln Town Car at the Citgo had the same tan top as the one reported to 911, it was not unreasonable for the officers to believe that the vehicles were one and the same. Thus, whether the car was actually black with a tan top or dark green with a tan top is not determinative—the officers had at least reasonable suspicion to believe that the car at the Citgo matched the description of the car given in the 911 report. The Court therefore overrules this objection.

### B. Motion to Suppress Statements

The Court agrees with Judge Johnson that Defendant failed to perfect his arguments concerning his statements in his post-hearing brief. (Non-Final Report &

7

Recommendation at 1 n.1.) Judge Johnson correctly found that Defendant had withdrawn or abandoned his Motion to Suppress Statements. (<u>Id.</u>) Defendant objects to this conclusion, arguing that he has not abandoned this argument, as he "must first achieve the suppression of the evidence and then . . . assert that the statement was fruit of the poisonous tree." (Objs. at 1.) This argument is unavailing. Defendant had an obligation to perfect his arguments and present them properly to Judge Johnson in the pretrial process. He failed to do so here, and he has waived the arguments. In any event, the statements at issue are not fruit of the poisonous tree because the detention and the resulting pat-down and search were not improper. The Court therefore adopts this portion of the Non-Final Report and Recommendation, overrules Defendant's objection, and denies Defendant's Motion to Suppress Statements.

## C. Motion to Suppress Evidence

Judge Johnson accurately set forth the law governing Fourth Amendment stops and detentions. (Non-Final Report & Recommendation at 9-10.) The Court agrees with Judge Johnson that:

> The facts here show that only a few minutes after dispatch broadcast notice of the drive-by shooting at 65 Valley View Drive, an officer observed a Lincoln Town Car matching the description provided by the 911 complainant at a Citgo located less than a mile away from that address. The reasonable inference was that the driver of the Lincoln Town Car proceeded directly to the Citgo from Valley View Drive. Suspicions were heightened when officers saw three shell casings in the vehicle, which suggested that a firearm had been discharged therein. It was important to the investigation to determine who had recently occupied this car. Moreover, given the reported shooting and the presence of shell casings, it was likely that one of the civilians at the Citgo was armed, causing more concern for officers. Thus, officers prevented the customers of the Citgo—including the defendant—from leaving for a few minutes while they sought to determine who was connected to the Lincoln Town Car.

> What happened in this case cannot be easily categorized as a Terry stop, because officers could not say which of the citizens detained may have been involved in criminal activity. Defendant is correct when he contends that officers had no reasonable suspicion that _he_ had been involved in a completed felony. All law enforcement knew is that someone at the Citgo had likely been involved in a completed felony, and they needed to find out from the customers who was connected to the Lincoln.

(Id. at 10-11.) Judge Johnson noted that "Defendant is also correct that, as a general matter, reasonable suspicion of criminal activity must attach to the particular person stopped for there to be valid Terry detention." (Id. at 11.) Judge Johnson correctly recognized that individualized suspicion is not an absolute prerequisite. (Id. at 12.) The Court agrees with Judge Johnson that, although "what happened here is more akin to police detention of potential witnesses for investigative purposes rather than a reasonable suspicion

10

detention," the applicable standard is "reasonableness." (Id.) Judge Johnson correctly recognized that to determine "whether this type of detention is reasonable, a court must look to 'the gravity of the public concerns served by the seizure, the degree to which the seizure advances the public interest, and the severity of the interference with individual liberty.'" (Id. (quoting Brown v. Texas, 443 U.S. 47, 51 (1979)).)

The Court agrees with Judge Johnson that, applying those factors, the law enforcement officers acted reasonably here. As Judge Johnson noted, "the public concern was grave, since officers were investigating a report of a specific and known crime—a drive-by shooting." (Non-Final Report & Recommendation at 13.) Further, the questions that the officers "asked during the detention advanced the public interest in finding out whether anyone had information about

11

the occupants of the Lincoln." (Id.) Moreover, "the detentions here interfered only minimally with the liberty of the Citgo's customers." (Id.) Defendant "was detained for no more than four minutes before he was arrested based on probable cause for marijuana possession" (id.), and the length of this detention was not unreasonable (id. at 14). Further, the Model Code of Pre-Arraignment Procedure supports a determination that the detention was reasonable. (Id. at 14-15.)

Defendant generally objects to Judge Johnson's conclusion that he "was not subject to an unreasonable restriction on his liberty," arguing that "the Government did not have reasonable articulable particularized suspicion sufficient to invade [his] liberty." (Objs. at 2.) The Court's own review of the evidence and the governing authorities demonstrates that Defendant's position is incorrect. The

officers here acted reasonably. As Judge Johnson noted, the public concern was grave, the officers asked questions that advanced the public interest, and the detention interfered only minimally with the liberty interests of the customers at the Citgo. Defendant's detention as a potential witness was simply not unreasonable.

For the reasons discussed above, Defendant's Motion to Suppress Evidence is due to be denied. The Court therefore adopts the Non-Final Report and Recommendation, overrules Defendant's Objections, and denies Defendant's Motion to Suppress Evidence.

## IV. Conclusion

ACCORDINGLY, the Court **ADOPTS** the Non-Final Report and Recommendation of United States Magistrate Judge Walter E. Johnson [33], **OVERRULES** Defendant's Objections to the Non-Final Report and Recommendation

13

[36], **DENIES** Defendant's Motion to Suppress Evidence [15], and **DENIES** Defendant's Motion to Suppress Statements [16].

IT IS SO ORDERED, this the 1st day of November, 2018.

_____
SENIOR UNITED STATES DISTRICT JUDGE